UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ARELI VILLASENOR, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ORTHOMINDS, LLC,<br><br>Defendant. | CIVIL ACTION NO.<br>1:25-CV-01565-JPB |
| RENEE YOUNG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ORTHOMINDS, LLC,<br><br>Defendant. | CIVIL ACTION NO.<br>1:25-CV-01577-JPB |

**ORDER**

This matter is before the Court on Plaintiffs' Unopposed Motion for Consolidation and Appointment of Interim Class Counsel [Doc. 6]. Having reviewed the parties' submissions, Plaintiffs' Motion is **GRANTED**.

**IT IS HEREBY ORDERED THAT:**

1. Pursuant to Federal Rule of Civil Procedure 42, the cases <u>Villasenor v. OrthoMinds, LLC</u> [No. 1:25-CV-01565-JPB] and <u>Young v. OrthoMinds, LLC</u> [No. 1:25-CV-01577-JPB] are consolidated for all purposes (hereafter, the "Consolidated Action"). The <u>Villasenor</u> case is designated as the lead case. Accordingly, all papers filed in the Consolidated Action shall be filed under Case No. 1:25-CV-01565-JPB and shall bear the following case caption.

| IN RE ORTHOMINDS, LLC DATA BREACH LITIGATION,<br><br>This Document Relates To: | LEAD CASE NO.<br>1:25-CV-01565-JPB |
|---|---|

2. All future pleadings, motions, briefs and other papers shall be filed in Case No. 1:25-CV-01565-JPB. The Clerk is **DIRECTED** to administratively close Case No. 1:25-CV-01577-JPB.

3. All future-filed or transferred actions that are related to the Consolidated Action pursuant to Federal Rule of Civil Procedure 42, in that they are

based on the same or similar facts and circumstances, shall be consolidated in the Consolidated Action upon agreement of the parties and the filing of a notice of consolidation.

4. Interim Lead Counsel Daniel Srourian and Jeff Ostrow shall be responsible for the overall conduct of the litigation on behalf of the proposed class, including supervising all Plaintiffs' counsel in this litigation.  As Interim Lead Counsel for Plaintiffs, Mr. Srourian and Mr. Ostrow have the authority to:

   a. Promote efficient conduct of this litigation and avoid unnecessary duplication and unproductive efforts by making and supervising all work assignments;

   b. Prepare and file the Consolidated Class Action Complaint on behalf of the proposed class, and any subsequent pleadings;

   c. Make, brief and argue motions;

   d. Conduct all pre-certification proceedings on behalf of the proposed class and act as spokespersons for the proposed class;

   e. Conduct or coordinate discovery on behalf of the proposed class consistent with the Federal Rules of Civil Procedure, Local Rules and orders of the Court, including preparation of (or responses to)

     discovery requests and examination (or defense) of witnesses in depositions;

f.  Monitor activities of Plaintiffs' counsel to whom they delegate work and implement procedures to ensure that schedules are met and unnecessary expenditures of time and funds are avoided by collecting from each firm regular time and expense reports;

g.  Negotiate with defense counsel with respect to settlement and other matters;

h.  Consult with and retain expert witnesses for the proposed class;

i.  Consult with, retain and manage relations with outside vendors for the collection, processing or review of documents and electronically stored information produced in discovery;

j.  Conduct or coordinate all negotiations with defense counsel regarding search and production protocols, manage the review of documents produced by Defendants and third parties (and production of documents by the proposed class Plaintiffs), and implement advanced analytics for the efficient review of documents as appropriate;

    k. Coordinate and communicate as necessary with counsel for other parties in the litigation regarding any matters addressed in this Order to ensure efficient use of Plaintiffs', Defendants' and the Court's time;

    l. Ensure that all Plaintiffs' counsel and Plaintiffs are informed of the progress of this litigation as necessary; and

    m. Otherwise coordinate the work of Plaintiffs' counsel and perform such other duties as authorized by further Order of the Court.

5. Interim Lead Counsel shall regularly collaborate with additional class counsel with respect to all the duties and responsibilities discussed above.

6. All Plaintiffs' counsel shall keep a daily record of their time spent and expenses incurred in connection with this litigation, indicating with specificity the hours and particular activities performed.  All Plaintiffs' counsel shall endeavor to keep fees reasonable and to choose the most appropriate level of staffing for tasks required in this litigation.  The provisions of this paragraph do not limit the discretion of Interim Lead Counsel in basing an allocation of any fee award among Plaintiffs' counsel, whether based on lodestar, a percentage-based allocation, a combination of the two or any other reasonable method of allocation.

7. Interim Liaison Counsel MaryBeth V. Gibson shall have the authority to perform the following tasks on behalf of all Plaintiffs in the Consolidated Action:

   a. Maintain and distribute to co-counsel an updated service list;

   b. Receive and, as appropriate, distribute to co-counsel orders from the Court and documents from opposing parties and counsel;

   c. Maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document file depository;

   d. Establish and maintain a document file depository; and

   e. Perform such other duties that may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by Interim Lead Counsel.

8. The Court hereby sets the following initial case deadlines for the Consolidated Action:

   a. Plaintiffs shall file a Consolidated Class Action Complaint no later than thirty days following entry of this Order;

b. Defendant shall file an answer or otherwise respond to the Consolidated Class Action Complaint within forty-five days of the filing of the Consolidated Class Action Complaint;

c. Plaintiffs shall file an opposition to any motion to dismiss or similar responsive motion within forty-five days of the motion; and

d. Defendant shall file a reply in support of any motion to dismiss or similar responsive motion within twenty-one days of Plaintiffs' opposition.

**SO ORDERED** this 1st day of April, 2025.

_____
**J. P. BOULEE**
United States District Judge